1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10 | HILLARY WALLS-STEWART,

CASE NO. C12-5381 RBL-JRC

11 |                    Plaintiff,

REPORT AND RECOMMENDATION

12 |          v.

NOTED FOR:

13 | BERNARD WARNER et al,.

APRIL 19, 2013

14 |                    Defendants.

15          The District Court has referred this 42 U.S.C. § 1983 civil rights action to the

16 undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local

17 Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

18          Defendants have filed a motion for summary judgment (ECF No. 21). Plaintiff has not

19 responded. After review of the file, the Court recommends granting defendants' motion and

20 dismissing this action with prejudice. Plaintiff's allegation that the prison grievance system does

21 not work and violates plaintiff's constitutional rights fails to state a claim because an inmate has

22 no constitutional right to a grievance system.

23

24

1    Plaintiff's allegation of retaliation fails because plaintiff fails to provide evidence to link

2  the alleged retaliatory action with protected constitutional conduct. Plaintiff also fails to show a

3  denial of access to courts. Plaintiff has submitted no admissible evidence that he was under a

4  Court-imposed deadline on March 7, 2012 when his access to the law library was allegedly

5  delayed one-half hour. The case plaintiff cites in the complaint -- C12-5206BHS/KLS -- was not

6  opened until March 7, 2012, and the record does not reveal any deadlines pending on that date.

7    Plaintiff's allegations regarding lack of medical care fail because plaintiff fails to show

8  any injury from a delay or lack of treatment. The record shows that plaintiff suffers from chronic

9  right foot pain and has had multiple surgeries on the right foot (ECF No. 25, Declaration of

10  Kenney, attached medical intake record, page 13 of 42). Plaintiff does not show any denial of

11  treatment, but rather a disagreement as to the treatment plaintiff should receive. Plaintiff's claim

12  regarding failure to provide hormone treatment fails because plaintiff fails to provide any

13  evidence that the delay in obtaining treatment caused medical harm.

14                                    STANDARD OF REVIEW

15    In federal court, summary judgment is required under Fed. R. Civ. P. 56(a) if the

16  evidence, viewed in the light most favorable to the nonmoving party, shows that there is no

17  genuine issue as to any material fact. *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th

18  Cir.1997). The moving party bears the initial burden of establishing the absence of a genuine

19  issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). That burden may

20  be met by "'showing'-- that is, pointing out to the district court -- that there is an absence of

21  evidence to support the nonmoving party's case." *Id*. at 325. Once the moving party has met its

22  initial burden, Fed. R. Civ. P. 56(e) requires the nonmoving party to go beyond the pleadings and

23  identify facts that show a genuine issue for trial. *Id*. at 323-24; *Anderson v. Liberty Lobby, Inc.*,

24  477 U.S. 242, 248 (1986).

REPORT AND RECOMMENDATION - 2

DISCUSSION

1.       Prison grievance system.

To state a claim pursuant to 42 U.S.C. § 1983, three elements must be met: (1) the defendant must be a person acting under the color of state law; (2) the person's conduct must have deprived plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (*overruled in part on other grounds*); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986); and (3) causation *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), cert. denied, 449 U.S. 875, (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

Pursuant to the Prison Litigation Reform Act, prior to filing a complaint an inmate must exhaust whatever administrative remedies are available. *See*, 42 U.S.C. § 1997e(a). The United States Constitution does not mandate that prison officials allow the filing of grievances or that a prison have a grievance system. *Mann v. Adams*, 855 F.2d 639 (9th Cir. 1988). The grievance system itself confers no substantive right to plaintiff. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Therefore, even a failure of prison officials to address grievances, or investigate them, does not amount to a constitutional violation. *See Booth v. King*, 346 F.Supp. 2d 751, 761 (E.D. Pa. 2004). Plaintiff's claim fails. The Court, therefore, recommends granting defendants' motion on this issue.

2.       Retaliation.

Plaintiff alleges that defendant Street would "daily do retaliation," but the only facts in the complaint supporting this claim involve one instance where plaintiff and another inmate missed a 5:30 P.M. movement to the law library on March 7, 2012 (ECF No. 6, (complaint, pages 12-13 of 18)). Defendants allege that the officer simply missed the call out. The officer

readily admitted missing the time for movement and alleges both inmates were sent to the law library one-half hour later at the next movement. Plaintiff contests the assertion that he was allowed to go to the law library in the complaint, but supplied no evidence to support his contention of improper motivation and did not respond to the motion for summary judgment.

To prove retaliation, plaintiff must show that a defendant retaliated against plaintiff for exercising constitutional rights, and that defendant's retaliatory action did not advance "legitimate penological goals, such as preserving institutional order and discipline". *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam) (*citing Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985)). The prisoner must submit evidence to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *See Pratt v. Rowland*, 65 F.3d 802, 807-08 (9th Cir. 1995).

Plaintiff has failed to submit evidence showing any link between the officer's conduct and a constitutional right. Once the moving party has met its initial burden, Fed. R. Civ. P. 56(e) requires the nonmoving party to go beyond the pleadings and identify facts that show a genuine issue for trial. *Id.* at 323-24; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Plaintiff has failed to support the allegations in the complaint with any admissible evidence. The Court recommends granting defendants' motion for summary judgment.

3.     Access to Courts.

The due process clause of the United States Constitution guarantees prisoners the right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  In *Bounds*, the Supreme Court held that the right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id.* at 828.  In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held that a prisoner must show some actual

1   injury resulting from a denial of access in order to allege a constitutional violation. *Id.* at 349.

2   An actual injury consists of some specific instance in which an inmate was actually denied

3   meaningful access to the courts.  *Lewis*, 518 U.S. at 350–55 (1996).

4        Plaintiff alleges that he was under a "Court imposed deadline" in cause number 12-

5   5206BHS/KLS on March 7, 2012 when he was denied one-half hour of law library. The Court

6   has reviewed that file and the Court takes judicial notice of its own court records. Cause No. 12-

7   5206BHS/KLS, *Walls v. Vergon Medical Co.*, was filed on March 7, 2012. There were no Court

8   imposed deadlines until March 12, 2012, when the Court ordered plaintiff to cure the defects in

9   his in forma pauperis application. Thus, plaintiff's contention that he was under a Court imposed

10  deadline is patently false and plaintiff has failed to show any actual injury. Further, plaintiff did

11  cure the defects in the in forma pauperis application and again he fails to show any actual injury.

12  The Court recommends granting defendants' motion for summary judgment on this issue.

13       4.      Medical treatment.

14       Plaintiff alleges the medical care he received at both the Washington State Corrections

15  Center and the Washington State Penitentiary violated his Eighth Amendment right to be free

16  from cruel and unusual punishment. Specifically plaintiff complains of care for his right ankle

17  and hormone treatment for Gender Identity Disorder (ECF No. 6, page 13).

18       The Eighth Amendment prohibits deliberate indifference to a person's serious medical

19  needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jones v. Johnson*, 791 F.2d 769, 771 (9th

20  Cir. 1986). The indifference to medical needs must be substantial; a constitutional violation is

21  not established by negligence or "an inadvertent failure to provide adequate medical care."

22  *Estelle*, 429 U.S. at 105-06; *Anthony v. Dowdle*, 853 F.2d 741, 743 (9th Cir. 1988

23       The Eighth Amendment is violated by deliberate indifference to an inmate's serious

24  medical needs. *Estelle*, 429 U.S. at 103 (1976). To establish deliberate indifference, a prisoner

1   must show that a defendant purposefully ignored or failed to respond to the prisoner's pain or

2   possible medical need. *McGuckin*, 974 F.2d at 1060; *Estelle*, 429 U.S. at 104. A determination of

3   deliberate indifference involves an examination of two elements: (1) the seriousness of the

4   prisoner's medical need; and (2) the nature of defendant's response to that need. *McGuckin*, 974

5   F.2d at 1059. A serious medical need exists if the failure to treat a prisoner's condition could

6   result in further significant injury or the unnecessary and wanton infliction of pain. *Id.*

7        A difference of opinion between a prisoner and medical authorities regarding proper

8   medical treatment does not give rise to a §1983 claim. *Franklin v. Oregon, State Welfare Div.*,

9   662 F.2d 1337, 1344 (9th Cir. 1981). Mere negligence in diagnosing or treating a medical

10  condition, without more, does not violate a prisoner's Eighth Amendment rights. *Hutchinson v.*

11  *United States*, 838 F.2d 390, 394 (9th Cir. 1988). Further, a prisoner can make no claim for

12  deliberate indifference unless the denial of care was harmful. *McGuckin*, 974 F.2d at 1060;

13  *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

14       A.    Right foot and ankle.

15       Plaintiff alleges that failure to treat his right foot with "Pt" violated his rights (ECF No. 6,

16  page 13 of 18). The record shows plaintiff suffers from chronic right foot pain and has had

17  multiple surgeries on the right foot (ECF No. 25, declaration of Kenney, attached medical intake

18  record, page 13 of 42). Plaintiff does not show any denial of treatment, only a disagreement as to

19  the treatment he should receive. Plaintiff admits he was issued a cane and that x-rays of his ankle

20  were taken (ECF No. 6, page 9 of 18 ¶ 36 and 37). Defendants place medical records that also

21  show medication to help control pain being given to plaintiff (ECF No. 25. declaration of

22  Kenney, attached medical record page 26 of 42). A difference of opinion between a prisoner and

23  medical authorities regarding proper medical treatment does not give rise to a §1983 claim.

24

1   *Franklin v. Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). The Court

2   recommends granting defendants' motion for summary judgment on this issue.

3          B.       Hormone treatment.

4          The parties do not dispute that plaintiff has Gender Identity Disorder. Plaintiff came to

5   the prison system on February 2, 2012 (ECF No. 6, page 7 of 18). By February 5, 2012, plaintiff

6   was requesting hormone treatment (ECF No. 25 declaration of Kenney, attached medical records

7   page 13 of 42). The record shows that as early as February 9, 2012, Dr. Longano was waiting on

8   outside medical records to confirm plaintiff's condition. *Id*. at page 18 of 42. On March 20,

9   2012, hormone treatment was ordered, even though no mental health evaluation had been done.

10   *Id*. page 28 of 42. Plaintiff did not receive the treatment at that time, in part because he was

11   transferred to another prison and left the next day. *Id*. On March 28, 2012, plaintiff was at the

12   new prison and he was referred for hormone treatment (ECF No. 25, declaration of Kenney, page

13   38 of 42). Mental Health Staff ordered the hormone treatment on March 30, 2012, *Id.* Defendants

14   assert that hormone treatment was started on April 4, 2012 at the Washington State Penitentiary

15   and continued uninterrupted until plaintiff left prison for work release (ECF No. 25 declaration

16   of Kenney, page 6 ¶ 8).

17          Dr. Kenney states that once it was determined that plaintiff met the criteria for

18   "Estradiol" treatment he was prescribed estrogens and treatment has been uninterrupted even

19   though it was never determined that plaintiff met the criteria for long term treatment (ECF No.

20   25, declaration of Kenney, page 7 ¶ 10). Dr. Kenney also states that the delay in starting

21   treatment did not cause any "significant long term adverse medical effects." (ECF No. 25,

22   declaration of Kenney, page 7 ¶ 11).

23          Plaintiff has failed to come forward with any evidence contradicting defendants'

24   assertions of fact. Thus, plaintiff fails to show the delay in starting hormone treatment was

harmful. A prisoner can make no claim for deliberate medical indifference unless the denial was harmful. *McGuckin*, 974 F.2d at 1060; *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The Court recommends granting defendants' motion for summary judgment and dismissing this action with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on April 19, 2013, as noted in the caption.

Dated this 19th day of March, 2013.

J. Richard Creatura
United States Magistrate Judge